# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN PIERRE ARTEAGA,<br><br>                              Petitioner,<br>vs.<br><br>MICHAEL CHERTOFF, et al.,<br><br>                              Respondents. | CASE NO. 07CV1626 BEN (CAB)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

    Petitioner Jean Pierre Arteaga ("Petitioner"), a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner now seeks appointment of counsel. For the reasons that follow, Petitioner's motion is **DENIED**.

    There is no "constitutional right to counsel in federal habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *see also, Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further"). But "Section 3006A(g) provides that counsel may be appointed for an impoverished habeas petitioner whenever 'the court determines that the interests of justice so require'. . . ." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th

Cir. 1984), *quoting*, 18 U.S.C. § 3006A(g); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("The district court has discretion to appoint counsel for indigents when it determines that the interests of justice so require."). To decide whether these exceptional circumstances exist, a district court must evaluate both "'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.' " *Id.* (Citations omitted); *see also, Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (The Court "should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors.").

The issues presented in the case do not warrant an evidentiary hearing and will be properly decided on the administrative records alone. Similarly, Petitioner has not "show[n] that because of the complexity of the claims he was unable to articulate his positions." *Id.* (Plaintiff "must show that because of the complexity of the claims he was unable to articulate his positions."). He merely claims he has no knowledge or education in the legal proceedings. Accordingly, Petitioner's request for appointment counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  August 27, 2007

Hon. Roger T. Benitez
United States District Judge

cc: All parties and respective counsel